UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-22974-CIV-MORENO

DIANE FISHER,

    Plaintiff,

vs.

PNC Bank N.A., and PNC INVESTMENTS, LLC,

    Defendants.
_____/

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon a *sua sponte* review of the record. Previously, this Court entered an Order to Show Cause directing the Plaintiff to explain why the probate exception did not apply to strip the Court of subject matter jurisdiction. Both the Plaintiff and Defendants filed responses to the Court's show cause order. Upon review of the responses, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the instant case is dismissed for lack of subject matter jurisdiction.

This case arises out of Plaintiff Diane Fisher's claims that Defendant PNC Bank, N.A. allegedly mishandled her mother's bank account. The gravamen of Plaintiff's complaint is that PNC Bank either knowingly or negligently allowed Plaintiff's brother to steal from her mother's bank account. Plaintiff recounts that before the mother had an account at PNC Bank, she had an account at Royal Bank of Canada ("RBC"), in which she and the Plaintiff were co-owners. Plaintiff alleges that back in the 1980s, she entrusted her mother with $150,000, which was supposedly in the RBC account. Her mother then transferred all her money, including the $150,000 Plaintiff owned, to the PNC Bank account. Once the money was transferred, Plaintiff

learned that her mother was the sole owner of the PNC Bank account.

Federal courts are courts of limited jurisdiction, which possess only the power authorized by the United States Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal statute provides for original jurisdiction over civil cases wherein the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. "Federal courts, however, have recognized an exception to federal diversity jurisdiction in cases involving state probate matters." *Stuart v. Hatcher*, 757 F. App'x 807, 809 (11th Cir. 2018). The probate exception to subject matter jurisdiction is narrow, applying only to cases that would require a federal court to (1) probate a will, (2) administer an estate, or (3) "dispose of property that is in the custody of a state probate court." *Id.* (quoting *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006)). Federal courts are free to adjudicate probate or estate-related cases that do not fall within the bounds of those three categories. *Id.*; *see also Goodstein v. Goodstein*, No. 18-80497, 2019 WL 1383656, *2 (S.D. Fla. Feb. 5, 2019) (similar).

"The lodestar in determining whether a claim falls under the probate exception is whether a particular claim and the relief it seeks *interfere* with the property that is in the possession of a state probate court." *Goodstein*, 2019 WL 1383656, at *3 (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Stated differently, district courts have no jurisdiction over actions seeking a valuation of estate assets, a transfer of property that is under probate, or "a premature accounting of an estate still in probate." *Turton v. Turton*, 644 F.2d 344, 348 (5th Cir. 1981); *see also Mich. Tech Fund v. Century Nat'l Bank of Broward*, 680 F.2d 736, 741 (11th Cir. 1982) (similar).

Notably, in determining whether a suit would interfere with property controlled by the probate court, federal courts "look past the plaintiff's theory of relief and consider the 'effect a judgment would have on the jurisdiction of the probate court.'" *Stuart*, 757 F. App'x at 809

2

(quoting *Turton*, 644 F.2d at 348). The central inquiry is whether a district court, "as a court of equity, can fashion the relief granted so that the relief would be within [the court's] jurisdiction and would not interfere with the jurisdiction of the probate court." *Goodstein*, 2019 WL 1383656, at *3 (quoting *Hudson v. Abercrombie*, 682 F. Supp. 1218, 1220 (N.D. Ga. 1987)).

Here, looking past the Plaintiff's theory of relief and considering the effect that judgment would have in this case, it is evident that Plaintiff is ultimately attempting to circumvent the normal probate process by bringing an individual claim against PNC Bank. As Plaintiff recognizes in her complaint, the brother's alleged theft occurred in a bank account that was owned by Plaintiff's mother—not the Plaintiff. However, Plaintiff does not allege that the brother completely depleted the funds from the mother's account, nor allege that PNC Bank stole or enabled the brother to steal all of the $150,000 from the mother's account. As the Supreme Court held in *Marshall*, "the general principle [is] that when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall*, 547 U.S. at 311. Applicable here, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12.

In addition, since, as Plaintiff contends in her complaint, the brother's alleged theft occurred in a bank account that was owned by the Plaintiff's mother—not the Plaintiff—claims relating to those accounts passed on to the *estate* upon the mother's passing. Thus, Plaintiff, who is not the personal representative of the estate, has no standing to bring claims on behalf of the estate against the Defendants. *See Tennyson v. ASCAP*, 477 F. App'x 608, 610-11 (11th Cir. 2012). Indeed, in her complaint, the Plaintiff recognizes that "Ms. Charlap's estate is already seeking relief against PNC for its malfeasance and omissions." If what Plaintiff writes is true, any ruling

3

by this Court in this case would in fact implicate the ultimate accounting of the estate, as any funds recovered from the litigation between the estate and PNC Bank would be subject to distribution among the beneficiaries of the estate. This, too, would implicate the probate exception.

Accordingly, because the probate exception applies, the instant case is DISMISSED for lack of subject matter jurisdiction. The case is hereby CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th of September 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record